NUMBER
13-00-214-CR

 

                                 COURT OF
APPEALS

 

                     THIRTEENTH DISTRICT OF
TEXAS

 

                         CORPUS CHRISTI -
EDINBURG

__________________________________________________________________

 

ANTONE RICHIE,                                                                              Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                    Appellee.

__________________________________________________________________

 

                              On appeal from the
94th District Court 

                                        of Nueces County, Texas.

___________________________________________________________________

 

                               MEMORANDUM
OPINION

 

                           Before Justices
Hinojosa, Yañez, and Garza

                                   Memorandum
Opinion Per Curiam

 








Pursuant to a
plea bargain, appellant, Antone Richie, pleaded guilty to assault.  The trial court sentenced Richie in
accordance with the terms of the plea agreement.  Richie filed a pro se notice of appeal.  The trial court's certification of Richie=s right to appeal shows that this is a "plea
bargain case, and the Defendant has NO right of appeal."  See Tex.
R. App. P. 25.2(a)(2).           

Rule 25.2(a)(2)
provides that a defendant may appeal only matters that were raised by written
motion filed and ruled on before trial or after getting the trial court's
permission to appeal.  See Tex. R. App. P. 25.2(a)(2).  There is nothing in the record to support a
finding that appellant filed written pre‑trial motions that were ruled on
before trial. The record is clear that the trial court filed a certification
stating that the sentence in this case was the result of a plea bargain and
that appellant has no right to appeal. 
Accordingly, the trial court=s certification is supported by the documents
currently before the Court.  See Dears
v. State, 154 S.W.3d 610, 614‑15 (Tex. Crim. App. 2005). 

Here, appellant
had no right of appeal because he was sentenced pursuant to the agreed terms of
a plea bargain and did not satisfy either of the exceptions stated in Rule
25.2(a)(2). We conclude that appellant does not have the right to appeal.  








The Texas Rules
of Appellate Procedure provide that an appeal must be dismissed if the trial
court's certification does not show that the defendant has the right of
appeal.  Tex. R. App. P. 25.2(d); see Tex. R. App. P. 37.1, 44.3, 44.4.  Accordingly, this appeal is dismissed.  Chavez v. State, Nos. PD‑1381‑04
and PD‑1382‑04, 2006 Tex. Crim. App. LEXIS 120, at *9‑*10
(Tex. Crim. App. Jan. 25, 2006) (a court of appeals, while having jurisdiction
to ascertain whether an appellant who plea‑bargained is permitted to
appeal by Rule 25.2 (a)(2), must dismiss a prohibited appeal without further
action).  Any pending motions are denied
as moot.

 

PER CURIAM

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed this

the 30th day of March, 2006.